# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER 1999 SESSION

FILED

October 6, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| VICTOR V. JORDON, | ) | |
| | ) | NO. 02C01-9710-CR-00409 |
| Appellant, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JAMES C. BEASLEY JR., |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**PEGGIE SHORT-BOHANNON**
P.O. Box 3194
Memphis, TN 38173

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**PATRICIA C. KUSSMANN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**PAULA WULFF**
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, Tennessee 38103-1947

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY, JUDGE**

**OPINION**

Petitioner appeals the denial of his petition for post-conviction relief. Petitioner pled guilty to second degree murder. Pursuant to a plea agreement, the trial court ordered petitioner to serve a sentence of fifteen years at 85% as a Range I standard offender. Petitioner now alleges ineffective assistance of counsel and argues that the plea was not voluntarily and knowingly entered. Upon a complete review of the record, we conclude that the evidence does not preponderate against the post-conviction court's findings that counsel was effective and the plea voluntary. Thus, we **AFFIRM** the dismissal of the petition.

**I. PROCEDURAL HISTORY**

Petitioner was charged with first degree murder. Attorney Brett Stein was retained on petitioner's behalf at the General Sessions level and appointed by the Criminal Court.

On January 13, 1997, petitioner pled guilty to second degree murder pursuant to a plea agreement. He was sentenced as a Range I standard offender to fifteen years at 85%.

On June 11, 1997, petitioner filed a *pro se* petition for post-conviction relief, alleging the plea was neither knowing nor voluntary due to ineffective assistance of counsel. The post-conviction court appointed counsel and subsequently conducted an evidentiary hearing. It found the allegations to be without merit and entered an order denying relief. This appeal followed.

**II. BACKGROUND**

On April 5, 1996, petitioner had an altercation with the victim at the Whitehaven Community Center. Petitioner shot the victim three times with a .45 caliber pistol.

### A. Guilty Plea

At the guilty plea hearing, petitioner acknowledged to the trial court that he was agreeing to a Range I sentence of fifteen years. The court specifically advised petitioner that he would be required to serve 85% of that sentence. Petitioner acknowledged that he understood.

The trial court advised the petitioner of his rights pursuant to Tenn. R. Crim. P. 11. The petitioner indicated he understood the court's explanation of these various rights. Petitioner told the court his plea was voluntary and indicated satisfaction with attorney Stein's representation.

### B. Post-Conviction Hearing

### 1. Petitioner's Testimony

Petitioner testified at the post-conviction evidentiary hearing that attorney Stein met with him only two times prior to the guilty plea. He testified that, on the day trial was scheduled to begin, attorney Stein advised him to plead guilty to second degree murder in exchange for the fifteen-year sentence. Petitioner claims attorney Stein told him that, due to potential credits, he would be released in 4½ to 5½ years. He claims he wanted to go to trial, but attorney Stein was not prepared. Petitioner maintains counsel failed to contact witnesses who could corroborate his claim of self-defense. Petitioner testified that if attorney Stein had been prepared, he would have chosen to go to trial. He also testified that if he had known he would be required to serve 85% of his sentence, he would not have accepted the plea agreement.

### 2. Attorney Stein's Testimony

Attorney Stein, the only other witness at the post-conviction hearing, testified that he never advised petitioner he would be released within 4½ to 5½ years. He was prepared to go to trial, and the witnesses petitioner wanted him to contact had been subpoenaed to testify for the state. Attorney Stein further testified that he suggested petitioner accept the state's offer of fifteen years for second degree murder because a jury might reject the theory of self-defense.

## III.  STANDARDS OF REVIEW

### A. Post-Conviction

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 341 (Tenn. Crim. App. 1995).  This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).  The burden of establishing that the evidence preponderates otherwise is on petitioner. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997).

### B.  Effective Assistance of Counsel

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler, 789 S.W.2d at 899.

In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of

4

counsel claims arising out of a guilty plea.  The Court in Hill modified the prejudice requirement by requiring a defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  474 U.S. at 59, 106 S.Ct. at 370; Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App.1998).

When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing.  Black, 794 S.W.2d at 757; *see also* Scott v. State, 936 S.W.2d 271, 273 (Tenn. Crim. App. 1996).  As a general rule, this is the only way the petitioner can establish that (a) a material witness existed and the witness could have been discovered but for counsel's neglect in the investigation of the case; (b) a known witness was not interviewed; (c) the failure to discover or interview a witness inured to his prejudice; or (d) the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner.  Black, 794 S.W.2d at 757.  Neither the trial court nor this Court can speculate on what a witness' testimony might have been if introduced by counsel.  *Id.*

## IV.  CONCLUSION

The outcome of this post-conviction matter was primarily dependent upon whether the post-conviction court believed the testimony of petitioner versus that of his trial counsel.  The post-conviction court accredited the testimony of trial counsel. The post-conviction court's order indicated that trial counsel had practiced law for thirty-five years and described him as "one of the most experienced attorneys at the criminal bar."  It further stated that "[trial counsel] is very conscientious about his representation of clients in the eyes of potential post- conviction problems."  Finally, the post-conviction court concluded:

> [T]here was no proof offered that the witnesses petitioner wanted to call would have said anything to assist his defense... [P]etitioner freely, voluntarily, knowingly, and without threats or pressure entered a negotiated guilty plea, after receiving effective representation of counsel.

Petitioner's claim that trial counsel should have contacted witnesses to corroborate his claim of self-defense is without merit. No such witnesses testified at the post-conviction hearing. We can not speculate on what they would have said. Black, 794 S.W.2d at 757.

The evidence does not preponderate against the post-conviction court's findings. Thus, we **AFFIRM** the decision of the post-convicition court dismissing the petition for post-conviction relief.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**DAVID G. HAYES, JUDGE**

_____
**THOMAS T. WOODALL, JUDGE**

6